UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BONNIE L. GIVEN, | CASE NO.  4:11-cv-00162-JAJ-CFB |
| Plaintiff, | |
| vs. | |
| LYONDELLBASELL INDUSTRIES, INC. and EQUISTAR CHEMICALS, L.P., | ***AMENDED*** **COMPLAINT AND JURY DEMAND** |
| Defendant. | |

## I.  INTRODUCTION

1.      This is an action under the Americans with Disabilities Act, the Americans with Disabilities Amendments Act, the Iowa Civil Rights Act, 42 U.S.C. § 1981, and the Family and Medical Leave Act.

## II.  PARTIES

2.      Plaintiff, Bonnie L. Given, is a resident of Morrison, Illinois, and was at all times material hereto an employee of Defendants, LyondellBasell Industries, Inc. or Equistar Chemicals, L.P.

3.      LyondellBasell Industries, Inc. was an Iowa corporation doing business in Iowa, and was at  time hereto, Plaintiff's employer under the meaning of the Americans with Disabilities Act, the Iowa Civil Rights Act, and the Family and Medical Leave Act.

4.      Equistar Chemicals, L.P. is a Delaware corporation, doing business in Iowa, and was at times hereto, Plaintiff's employer under the meaning of the Americans with Disabilities Act, the Americans with Disabilities Amendments Act, the Iowa Civil Rights Act, and the Family and Medical Leave Act., at various times during Plaintiff's employment she has been employed by

LyondellBassell Industries, Inc. and Equistar Chemicals, L.P. and also, at times, jointly.  For purposes of this pleading they shall be referred to collectively as "Equistar", "Employer", or "Defendant".

### III.  JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.  Jurisdiction for Plaintiff's state law claim is predicated upon the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a).  Venue for this action is proper in the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1391(b) and (c).

### IV.  PROCEDURAL PREREQUISITES

6.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission which was then cross-filed with the Iowa Civil Rights Commission. Appropriate administrative releases and Right-To-Sue letters have been granted and are attached hereto as Exhibit A.

### V.  FACTUAL BACKGROUND

7.      Plaintiff began working for Defendant on April 9, 2007, as a process control technician with her last position being an operations technician.

8.      Plaintiff became ill and sought medical treatment around December 12, 2008.  She requested sick days from December 12, 2008, through December 21, 2008.

9.      Plaintiff requested and received leave under the Family Medical Leave Act and received short term disability benefits from December 22, 2008, through June 9, 2009.

10.     On April 7, 2009, Plaintiff was diagnosed with Chronic Disseminated Lyme's disease.

11.     Plaintiff's diagnosis left her with a permanent and disabling condition including, but not limited to, flu-like symptoms that can include a stiff neck, chills, fever, swollen lymph nodes, headaches, fatigue, muscle aches, and joint pain.

12.     As a result of her diagnosis, Plaintiff was left with restrictions, some related to her ability to do manual labor, others related to her ability to understand and execute instructions based on her limitations.

13.     In June 2009, Plaintiff's treating physician indicated she could return to work but could only return on a part-time basis, provided she did not work any nights and did not perform any physical activity.

14.     Defendant refused to let Plaintiff return to work unless she was fully released from her treating physicians, with no restrictions.

15.     Plaintiff then applied for long term disability benefits due to her work restrictions and disability.

16.     Plaintiff's request for long term disability was denied on June 10, 2009.  Plaintiff immediately appealed this decision.

17.     In late July 2009, Plaintiff's treating physician released her to return to work for a 12-hour rotating shift only if she engaged in no physical activity other than sitting or standing for no more than a total of two hours per shift.

18.     Defendant informed Plaintiff that they could not comply with the restrictions from her treating physician.

19.      On August 6, 2009, Plaintiff obtained a full release to full-time duties from her treating physician.

20.     At that time the Defendant informed Plaintiff she would have to pass testing through Work Steps to determine if she was fully fit to return to work.

21.     Plaintiff was made aware on August 13, 2009, that her appeal request for long term disability benefits was also denied.

22.     Plaintiff passed the Work Steps testing and was returned to work on August 21, 2009, and continued working until September 18, 2009.

23.     On August 28, 2009, Plaintiff received her first paycheck.  Defendant deducted $466.01 from Plaintiff's paycheck claiming that she had been overpaid for short term disability benefits on June 10, 2009.

24.     Plaintiff was also informed upon her return to work after August 21, 2009, that she had lost two hours of vacation for 2008 and she had lost an additional twenty-four hours of vacation for 2009.

25.     On September 3 and 4, 2009, Plaintiff called in sick to work after suffering a severe migraine.

26.     Plaintiff was pulled off work by the Defendant's Plant Nurse and was not allowed to return to work until September 18, 2009.

27.     On September 18, 2009, Plaintiff received a written reprimand against her because of her excessive absenteeism.  Plaintiff was the victim of a continuous and regular pattern of harassment and hostility because of her medical condition and disability, and ultimately suffered retaliation due to her disability.

28.     Plaintiff was placed on a 90-day Performance Improvement Plan and informed that any unexcused absences would result in her termination.

29.     On September 19, 2009, Plaintiff requested reasonable accommodations related to her disability, working part-time, working a daily eight-hour shift or a less strenuous position.  She also requested a copy of her personnel file.

30.     Plaintiff was informed on September 21, 2009, by Alicia Skalnik, the Human Resource Manager, not to report to work that evening but to meet with the Defendant's company doctor the following morning.

31.     On September 22, 2009, Plaintiff reported to the Defendant's company doctor and received a cursory exam.

32.     Plaintiff was informed on September 24, 2009, that the Defendant's company doctor had deemed her unfit to return to work and perform her duties.  Plaintiff would receive no pay while off work and she was not given a date of return to work by the Defendant.

33.     Defendant refused to let Plaintiff return to work with any restrictions from her treating physician and as a result was discharged on September 24, 2009.

34.     Defendant used as a pretextual reason for the termination that Plaintiff had engaged in a pattern of excessive absenteeism.

35.     All of Defendant's actions in disciplining, reprimanding and harassing Plaintiff were taken for the sole purpose of harassing Plaintiff because of her disability, and intimidating her because of her disability and ultimately in retaliation for her engaging in the protected activity of filing the charge of discrimination and complaining about the ongoing harassment.

36.     As a result of Defendant's actions, Plaintiff has suffered severe emotional humiliation and distress and requests relief as more fully set forth below.

## VI. <u>CAUSES OF ACTION</u>

### A. AMERICANS WITH DISABILITIES ACT AND AMERICANS WITH DISABILITIES AMENDMENTS ACT

37.     Plaintiff repleads the allegation contained in paragraphs 1 through 36 of this Complaint as though fully alleged herein.

38.     Plaintiff is disabled within the meaning of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Amendments Act in that because of her medical conditions, she has a record of or is regarded as having a physical impairment that substantially limits one or more of her major life activities.

39.     Plaintiff's disability, perceived disability or her record of such a disability was a motivating factor in Defendant's decision to terminate her employment.

40.     Defendant's actions were intentional and were done maliciously or with reckless indifference to Plaintiff's federally protected rights.

41.     Plaintiff requests relief for her damages as set forth more fully below.

### B. IOWA CIVIL RIGHTS ACT

42.     Plaintiff repleads the allegations contained in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     Defendant's treatment and termination of the Plaintiff because of her disability and/or in retaliation for engaging in protected activity are an unlawful employment practice and violate Iowa Code Chapter 216.

44.     As a proximate result of Defendant's wrongful conduct in violation of the Iowa Civil Rights Act, Plaintiff has suffered emotional distress, mental anguish, pain and suffering, humiliation, and lost past and future wages and benefits.

45.     Plaintiff requests relief for her damages as set forth more fully below.

C.    **VIOLATION OF FAMILY AND MEDICAL LEAVE ACT**

46.    Plaintiff repleads paragraphs 1 through 45 of this Complaint as though fully alleged herein.

47.    Plaintiff was eligible for leave under the FMLA.

48.    Plaintiff has a serious health condition.

49.    Defendant retaliated against Plaintiff for taking leave under the FMLA.

50.    Defendant's violation alleged in the foregoing paragraphs was the proximate cause of Plaintiff's damages.

51.    Plaintiff requests relief for her damages as set forth more fully below.

## VII.  RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant the following relief:

**COUNT I**:

A.    Grant equitable relief in the form of orders requiring Defendant to do the following:

(i)    Refrain from engaging in any employment practice which discriminates on the basis of disability and violates the Act; and

(ii)    Provide training to its supervisory employees regarding how to effectively avoid engaging in disability discriminatory practices and to report to the Court once every six months for a period of three years on the training provided and on its effectiveness; and

(iii)    Require that all disciplinary decisions regarding its employees be reviewed by legal counsel for compliance with EEO laws and regulations prior to implementation; and

(iv)    Monitor the workplace environment to assure that employees are not being treated with hostility based on disability and report annually to the Court for a period of three years on its monitoring; and

(v)    Test and evaluate supervisory employees to assure that they do not exhibit or act upon biased or bigoted attitudes and opinions regarding persons with disabilities, do not tolerate disparate treatment based on disability by his or her subordinates, and report annually to the Court for a period of three years on its testing and evaluating.

B.     Order Defendant to make Plaintiff whole by awarding her lost earnings and the value of her lost benefits and order the reinstatement of Plaintiff to her former position or award her front pay in lieu of reinstatement.

C.     Order Defendant to make Plaintiff whole by providing compensation for pecuniary losses including, but not limited to, costs to be incurred for health and life insurance premiums and costs of seeking new employment.

D.     Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses, including without limitation, emotional distress, mental anguish, pain and suffering, inconvenience, humiliation and the loss of the enjoyment of life.

E.     Order Defendant to pay Plaintiff an offset, as an additional appropriate remedy pursuant to the Act for any and all income taxes due from her on account of the other damages and/or recovery awards herein;

F.     Award punitive damages to Plaintiff and against Defendant in an amount sufficient to punish the Defendant for its conduct and to deter Defendant and others similarly situated from engaging in similar willful and/or wanton unlawful conduct in the future;

G.     Award Plaintiff, against Defendant, a judgment for her reasonable attorney fees and costs pursuant to the Act;

H.     Award pre-judgment interest, against Defendant, as allowed by law: and

I.     Grant such further relief as the Court deems necessary and proper.

**COUNT II:  (ICRA)**

A.      Grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the basis of disability and/or violates the Iowa Civil Rights Act.

B.      Order Defendant to make Plaintiff whole by providing her with appropriate lost earnings and insurance premiums, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement of Plaintiff to her former position or payment of future lost wages;

C.      Order Defendant to make Plaintiff whole by providing compensation for pecuniary losses including, but not limited to, costs to be incurred for health and life insurance premiums and costs of seeking new employment;

D.      Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial;

E.      Award Plaintiff an offset, as an additional appropriate remedy pursuant to the Iowa Civil Rights Act, for any and all income taxes due from her on account of the other damages and/or recovery awards herein;

F.      Grant punitive damages because of Defendant's willful violation of the Iowa Civil Rights Act;

G.      Grant Plaintiff and Plaintiff's attorney reasonable attorney fees and costs pursuant to law;

H.      Grant Plaintiff pre-judgment and post-judgment interest as provided by law; and

I.      Grant such further relief as the Court deems necessary and proper.

**COUNT III**:

A.      Enter a judgment that Defendant's action retaliating against Plaintiff for exercising her rights under the FMLA violated 29 U.S.C. § 2615.

B.      Grant equitable relief in the form of orders requiring Defendant to do the following:

   (iii)   Refrain from engaging in any employment practice which violates the FMLA; and

   (iv)    Provide training to its supervisory employees regarding how to effectively avoid violating the FMLA and to report to the Court once every six months for a period of three years on the training provided and on its effectiveness; and

   (vi)    Require that all disciplinary decisions regarding its employees be reviewed by legal counsel for compliance with federal laws and regulations prior to implementation; and

   (vii)   Monitor the workplace environment to assure that employees are not being treated with hostility based on his or her use of leave under the FMLA and report annually to the Court for a period of three years on its monitoring; and

   (viii)  Test and evaluate supervisory employees to assure that they do not exhibit or act upon biased or bigoted attitudes and opinions regarding persons using FMLA-protected leave, do not tolerate disparate treatment based the use of FMLA-protected leave by his or her subordinates, and report annually to the Court for a period of three years on its testing and evaluating.

C.      Issue an injunction pursuant to 29 U.S.C. § 2617(1)(B) directing Defendant to rehire Plaintiff retroactive to  September 24, 2009, to her former position or to an equivalent position.

D.      Issue an order pursuant to 29 U.S.C. § 2617(1)(B) directing Defendant to reinstate all of Plaintiff's employment benefits including, but not limited to, her health insurance retroactive to September 24, 2009.

E.      Enter a judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(II) against the Defendant in favor of the Plaintiff for monetary losses Plaintiff sustained as a direct result of Defendant's actions in this matter.

F.      Enter a judgment pursuant to 29 U.S.C. § 2617(a)(3) against the Defendant and in favor of the Plaintiff for reasonable attorney fees and costs incurred by Plaintiff in connection with this action.

G.      Grant such further relief as the Court deems necessary and proper.

## VIII.  JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues herein.

Respectfully submitted,


*/s/ Michael J. Carroll*
Michael J. Carroll
Kodi A. Brotherson
BABICH GOLDMAN, P.C.
100 Court Avenue, Suite 403
Des Moines, IA  50309
Telephone:  (515) 244-4300
Facsimile:  (515) 244-2650
E-mail:  MCarroll@BabichGoldman.com

ATTORNEYS FOR PLAINTIFF

Original filed.